PEDRO FIGUEROA, Plaintiff and Appellee, *v.* PRIMITIVO BONILLA, Defendant and Appellant, ET AL.

No. 7018. Argued May 6, 1936.—Decided May 25, 1936.

 

*Luis Mercader* for appellant. *M. Bahamonde* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

Primitivo Bonilla suffered an accident while working as an employee of Eladio Mitchell, against whom he brought an action for damages. In order to secure the effectiveness of the judgment Bonilla attached a merry-go-round and a ferris wheel as property of the defendant. After the attachment had been levied, Pedro Figueroa filed an intervention proceeding alleging that he was the sole owner of the said property. Bonilla answered that Eladio Mitchell had conspired with Figueroa to transfer the property to him, and that there was no effective transfer or any consideration. The issue thus joined, the case went to trial. The lower court held that the property attached by Primitivo Bonilla was, on the date of the attachment, owned by the intervenor Pedro Figueroa, who acquired it on August 23, 1933, that is, three days before the accident to Bonilla, as appears from the deed of sale and lease of personal property, executed in Ponce before notary Rafael Muñoz.

The defendant in the intervention proceedings, Primitivo Bonilla appealed from this judgment, alleging that the lower court committed grave and manifest error in weighing the evidence, and in holding that the intervenor had proved his title to the personal property attached by Bonilla. The appellant contends that judgment should have been rendered dismissing the complaint in intervention, with costs to the defendant.

██ The only question to decide in this case is whether or not there was sufficient evidence to destroy the alleged title of the intervenor. There was offered in evidence the deed in which Eulalio and Ramón Mitchell purport to trans-

fer to Pedro Figueroa the title to the property attached, for the sum of $1,000 which the vendors acknowledged having received previously from the purchaser himself. This deed, as we have seen, appears to have been executed on Wednesday, August 23. On Saturday, August 26, Bonilla suffered the accident mentioned above. The lower court observes that this sale and lease made a few days prior to the said accident seems suspicious, but that there are numerous decisions to the effect that where a transaction is alleged to be fraudulent, the evidence must be strong, clear and definite, inasmuch as fraud is never presumed and cannot be established by conjecture.

In his answer Pedro Bonilla does not attack the execution of the public deed which appears authorized by notary Rafael Muñoz on August 23, 1933. The defendant does not question the date of the document, but merely says that the said transfer is a simulation between the supposed contracting parties, in which there was no consideration. He adds that the intervenor was insolvent, and had no assets or property of any kind at the time of the simulated transfer.

Now then, the simulation or conspiracy to defraud Primitivo Bonilla cannot exist if the deed of transfer was actually executed on August 23, 1933, because on that date the said defendant had no right of action against the vendor Eulalio Mitchell. This date, as we have already said, has not been challenged. We must, therefore, completely discard the intent to defraud and limit ourselves to the consideration of the question of the absence of consideration in the execution of the contract.

In addition to the deed, the intervenor offered his own testimony to prove title to the property attached. He testifies that on the date on which the attachment was levied, this property was his exclusively; that he acquired it by purchase from Eladio Mitchell, by public deed, having previously paid the sum of $1,000; that the property consisted of a ferris wheel and a merry-go-round; that the sale was

made on August 23, 1933, by Eladio and Ramón Mitchell, and that the Mitchells had borrowed $275 from him at first; that on the day of the sale he delivered a little more than $600 to them; that the little more amounted to something like $64; that the notary did not see the money; that the latter was authorizing the deed when he delivered the said money; that he leased the property at the same time the sale contract was made; that in the said lease contract the Mitchells bound themselves to pay $50 per month for the use of the property; that he had been a chauffeur for Antonio Ferrer for 21 years; that he formerly earned $25 and $5 as a per diem; that he receives this per diem when he is in the island; that he is always in the island; that he is a bachelor, and that his family consists of a sister and a baby; that he pays $15 per month rent; that he spends nearly all of his salary and a part of the expense money in the house; that since 1918 he has cars for hire, and being the eldest of the family, he manages the houses of his grandfather; that he receives tips every year from the family for which he works; that this year they gave him $78.

The evidence of the defendant tends to show that Eladio Mitchell was the owner of the property. There is no doubt whatever that he was such exclusively or with his brother, before the accident occurred. The question to decide, however, is whether or not Mitchell, on the date of the accident, had relinquished his property rights in the said property. The defendant alleges a lack of consideration in the contract made. The lower court, considering the evidence insufficient to show this, decided for the plaintiff and upheld the rights of the intervenor to the property attached. Although we can understand the attitude of the defendant in relation to the circumstances present in this case, we do not feel that we are authorized to reverse the judgment appealed from, in view of the questions raised, the evidence presented and the form in which the issue was joined.

The judgment appealed from must be affirmed.